**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MOEN HAIDER, *individually and on behalf of those similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>BIMBO BAKERIES, INC.<br>150 Boulder Drive<br>Breinigsville, PA 18031<br><br>Defendant. | No.<br><br>INDIVIDUAL AND COLLECTIVE ACTION UNDER THE FLSA<br><br>INDIVIDUAL AND CLASS ACTION FOR UNPAID OVERTIME WAGES UNDER THE PENNSYLVANIA MINIMUM WAGE ACT<br><br>INDIVIDUAL AND CLASS ACTION FOR UNPAID WAGES UNDER PENNSYLVANIA WAGE PAYMENT COLLECTION LAW<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Named Plaintiff Moen Haider (hereinafter referred to as "Named Plaintiff"), individually and on behalf of those similarly situated, by and through undersigned counsel, hereby complains as follows against Defendant Bimbo Bakeries, Inc. (hereinafter referred to as "Defendant").

## INTRODUCTION

1. Named Plaintiff has initiated the instant action to redress Defendant's violations of the Fair Labor Standards Act ("FLSA"), the Pennsylvania Minimum Wage Act, and the Pennsylvania Wage Payment Collection Law. Named Plaintiff asserts that Defendant failed to pay Named Plaintiff and those similarly situated all owed overtime wages in violation of the FLSA, PMWA, and PWPCL and all non-overtime wages in violation of the PWPCL.

## PARTIES

2. The foregoing paragraphs are incorporated herein as if set forth in full.

3. Named Plaintiff is an adult individual who resides in Pennsylvania and worked for Defendant in Pennsylvania.

4. Defendant is a company operating in Pennsylvania.

5. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

**JURISDICTION AND VENUE**

6. The foregoing paragraphs are incorporated herein as if set forth in full.

7. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

8. The Court has original subject matter over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FLSA. This Court has supplemental jurisdiction over related state law claims because they arise out of the same circumstance and are based upon a common nucleus of operative fact.

9. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

**LEGAL BACKGROUND**

10. The foregoing paragraphs are incorporated herein as if set forth in full.

11. Under the PMWA, employers must pay employees at least one and one-half times the employee's regular rate for all hours worked more than 40 hours in a workweek. 43 P.S. § 333.104(c); 34 Pa. Code § 231.43.

12. The PMWA's regulations define "hours worked" to mean hours "during which an employee is required by the employer to be on the premises of the employer, to be on duty or to be at the prescribed work place, time spent in traveling as part of the duties of the employee during normal working hours and time during which an employee is employed or permitted to work." 34 Pa. Code § 231.1.

13. The Pennsylvania Supreme Court has interpreted 34 Pa. Code § 231.1 and held that the referenced "all time during which an employee is required by the employer to be on the premises of the employer" is compensable "regardless of whether the employee is actually performing job-related duties while on the premises." *Heimbach v. Amazon.com, Inc. (In re Amazon.com, Inc., Fulfillment Ctr. Fair Labor Standards Act (FLSA) & Wage & Hour Litig.)*, 667 Pa. 16, 38 (2021).

14. The Pennsylvania Supreme Court has also held that "there is no *de minimis* exception to the PMWA." *Id.* at 46.

**<u>FLSA COLLECTIVE ACTION ALLEGATIONS</u>**

15. The foregoing paragraphs are incorporated herein as if set forth in full.

16. In addition to bringing this action individually, Named Plaintiff brings this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), individually and on behalf of individuals whom Defendant currently or formerly employed in non-exempt, hourly positions at its Breinigsville facility, who, at any point during the period beginning three (3) years preceding the date the instant action was initiated and

continuing through the present (hereinafter the "Relevant Period"), received wages from Defendant for a workweek during which they worked more than 40 hours, inclusive of the unpaid hours described herein, and were subject to Defendant's pay practices and policies described herein (hereinafter the members of this putative class are referred to as "Collective Plaintiffs").

17. Named Plaintiff's claims are typical of the claims of the Collective Plaintiffs because Named Plaintiff, like all Collective Plaintiffs, was a non-exempt, hourly employee of Defendant within the last three years and subject to the pay practices and policies described herein whom Defendant failed to pay at least one and one-half times the regular rate for all hours worked more than 40 hours in a workweek as required by the FLSA.

18. There are numerous similarly situated current and former employees of Defendant whom Defendant failed to pay all earned overtime wages in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

19. Similarly situated employees are known to Defendant, are readily identifiable by Defendant, and can be located through Defendant's records.

20. Therefore, Named Plaintiff should be permitted to bring this action as a collective action individually and on behalf of those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

21. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

22. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Named Plaintiff brings his claims for relief to redress Defendant's violations of the Pennsylvania Wage Laws individually and on behalf of a class.

23. Specifically Named Plaintiff seeks to represent a class of individuals whom Defendant currently or formerly employed in non-exempt, hourly positions at its Breinigsville facility, who, at any point during the Relevant Period, received wages from Defendant for a workweek during which they were subject to Defendant's pay practices and policies described herein (hereinafter the members of this putative class/collective are referred to as "Class Plaintiffs").

24. Named Plaintiff also seeks to represent a subclass of Class Plaintiffs who received wages during the Relevant Period for a workweek during which they worked more than 40 hours, inclusive of the unpaid activities described herein, and were subject to Defendant's pay practices and policies described herein) (the members of this putative subclass are referred to as "OT Class Plaintiffs").

25. The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff does not know the exact size of the class, as such information is in the exclusive control of Defendant; however, on information and belief, the number of potential class members is more than forty (40) employees.

26. Named Plaintiff's claims are typical of the claims of the putative class members, because Named Plaintiff, like all Class Plaintiffs, was subject to the same wage and hour policies and practices of Defendant described herein.

27. Named Plaintiff will fairly and adequately protect the interests of the putative class because Named Plaintiff's interests are coincident with, and not antagonistic to, those of the

class. Named Plaintiff has retained counsel with substantial experience in the prosecution of class claims involving employee wage disputes.

28. Defendant has acted and refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole insofar as Defendant has applied consistent unlawful wage policies to the entire class and have refused to end these policies.

29. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendant's records.

30. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendant. Furthermore, the amount at stake for individual putative class members may not be great enough to enable all the individual putative class members to maintain separate actions against Defendant.

31. Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are 1) whether Defendant paid Named Plaintiff and Class Plaintiffs wages for time spent walking on Defendant's premises to or form Defendant's timekeeping systems to clock into or out of the system, respectively; 2) whether Defendant paid Named Plaintiff and Class Plaintiffs for time spent completing pre-shift and post-

shift activities; 3) whether time spent walking on Defendant's premises to or from Defendant's timekeeping system prior to clocking in or out, respectively, was compensable under the PMWA.

## FACTUAL BACKGROUND

32. The foregoing paragraphs are incorporated herein as if set forth in full.

33. From in or around June 2024 until in or around October 2024, Defendant employed Named Plaintiff as an hourly employee at its facility located in Breinigsville, Pennsylvania.

34. Throughout Named Plaintiff's employment, Defendant paid Named Plaintiff an hourly wage.

35. Defendant paid/pay Class Plaintiffs hourly wages.

36. Defendant agreed to pay Named Plaintiff and Class Plaintiffs their hourly wages for all hours worked.

37. On multiple occasions, Named Plaintiff worked more than 40 hours in a workweek, inclusive of both the time recorded by Defendant's timekeeping system and the hours worked off-the-clock described herein.

38. During the Relevant Period, Defendant paid each OT Class Plaintiff wages for a workweek during which they worked more than 40 hours, inclusive of both the time recorded by Defendant's timekeeping system and the hours worked off-the-clock described herein.

### Unpaid Off-The-Clock Work

39. The foregoing paragraphs are incorporated herein as if set forth in full.

40. Defendant required/requires Named Plaintiff and Class Plaintiffs to clock into its time keeping system using time clocks located inside its facility in order to go "on the clock" and begin receiving wages for hours worked.

41. Defendant required/requires Named Plaintiff and Class Plaintiffs to clock out of its time keeping system using the same time clocks.

42. Throughout the Relevant Period, Defendant required/requires Named Plaintiff and Class Plaintiffs to engage in the following activities on its premises prior to clocking in: 1) walk between the point of the entrance to Defendant's premises to the location of the timeclocks, 2) don a uniform and protective and sanitary equipment, 3) wash hands.

43. Throughout the Relevant Period, Defendant required/requires Named Plaintiff and Class Plaintiffs to engage in the following activities on its premises after clocking out: 1) doff uniform and protective and sanitary equipment; and 2) walk between the location of the time clocks to the point of exit from Defendant's premises, inclusive of the walking required to doff required protective and sanitary equipment and undergo a security screening.

44. Defendant compensated/compensates Named Plaintiff and Class Plaintiffs only for the time recorded in its timekeeping system.

45. Accordingly, Defendant did not pay Named Plaintiff and Class Plaintiffs any wages for time spent engaged in the above-described activities before clocking in or after clocking out.

46. Much of this uncompensated time consists of time worked more than 40 hours in a workweek.

47. Accordingly, by failing to pay Named Plaintiff, Collective Plaintiffs, and OT Class Plaintiffs for all hours worked, Defendant failed/fails to pay them at least one and one-half times their regular rates for all hours worked more than 40 hours in a workweek for workweeks during which they worked more than 40 hours when the compensated and uncompensated hours worked are totaled.

48. As a result, Named Plaintiff and Class Plaintiffs have suffered damages.

**COUNT I**
**Violations of the Fair Labor Standards Act ("FLSA")**
**(Failure to Pay all Overtime Wages)**
**(Named Plaintiff and Collective Plaintiffs v. Defendant)**

49. The foregoing paragraphs are incorporated herein as if set forth in full.

50. At all times relevant herein, Defendant has and continues to be an "employer" within the meaning of the FLSA.

51. At all times relevant herein, Defendant was/is responsible for paying wages to Named Plaintiff and Collective Plaintiffs.

52. At all relevant herein, Named Plaintiff and Collective Plaintiffs were/are employed with Defendant as "employees within the meanings of the FLSA.

53. Under the FLSA, an employer must pay an employee at least one and one-half times his or her regular rate for each hour worked more than 40 hours in a workweek.

54. Defendant's violations of the FLSA include, but are not limited to, not paying Named Plaintiff and Collective Plaintiffs earned overtime wages for overtime hours spent performing work prior to clocking in and/or after clocking out of Defendant's timekeeping system.

55. Defendant's conduct in failing to pay Named Plaintiff and Collective Plaintiffs their owed overtime wages for all hours worked more than 40 hours in a workweek violated the FLSA.

56. Defendant's conduct in failing to properly pay Named Plaintiff and Collective Plaintiffs was/is not in good faith, was/is willful, and was/is not based upon any reasonable interpretation of the law.

57. Defendant's conduct caused Named Plaintiff and Collective Plaintiffs to suffer damages.

**COUNT II**
**Violations of the Pennsylvania Minimum Wage Act ("PMWA")**
**(Failure to Pay Overtime Wages)**
**(Named Plaintiff and OT Class Plaintiffs v. Defendant)**

58. The foregoing paragraphs are incorporated herein as if set forth in full.

59. At all times relevant herein, Defendant has and continues to be an "employer" within the meaning of the PMWA.

60. At all times relevant herein, Defendant was/is responsible for paying wages to Named Plaintiff and OT Class Plaintiffs.

61. At all times relevant herein, Named Plaintiff and OT Class Plaintiffs were/are employed with Defendant as "employees" within the meaning of the PMWA.

62. Under the PMWA, an employer must pay an employee at least one and one-half times his or her regular rate of pay for each hour worked more than 40 hours in a workweek.

63. Defendant's conduct in failing to pay Named Plaintiff and OT Class Plaintiffs all overtime wages owed for hours worked violated the PMWA.

64. Defendant's conduct in failing to properly pay Named Plaintiff and OT Class Plaintiffs was/is not in good faith and was/is not based upon any reasonable interpretation of the law.

65. As a result of Defendant's unlawful conduct, Named Plaintiff and OT Class Plaintiffs have suffered damages as set forth herein.

**COUNT III**
**Violations of the Pennsylvania Wage Payment Collection Law**
**(Failure to Pay all Owed Wages)**
**(Named Plaintiff and Class Plaintiffs v. Defendant)**

66. The foregoing paragraphs are incorporated herein as if set forth in full.

67. At all times relevant herein, Defendant has and continues to be an "employer" within the meaning of the PWPCL.

68. At all times relevant herein, Defendant was/is responsible for paying wages to Named Plaintiff and Class Plaintiffs.

69. At all times relevant herein, Named Plaintiff and Class Plaintiffs were/are employed with Defendant as "employees" within the meaning of the PWPCL.

70. Defendant's conduct in failing to pay Named Plaintiff and Class Plaintiffs their hourly wages for all hours worked up to 40 hours in a workweek violated the PWPCL.

71. Defendant's conduct in failing to pay Named Plaintiff and Class Plaintiffs all overtime wages owed also violated the PWPCL.

72. Defendant's conduct in failing to properly pay Named Plaintiff and Class Plaintiffs was/is not in good faith and was/is not based upon any reasonable interpretation of the law.

73. Defendant's conduct caused Named Plaintiff and Class Plaintiffs to suffer damages.

**WHEREFORE**, Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs pray that this Court enter an Order providing that:

A. Defendant is to be prohibited from continuing to maintain the illegal policy, practice or custom in violation of state law;

B. Defendant is to compensate, reimburse, and make Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings;

C. Named Plaintiff and Collective Plaintiffs are to be awarded liquidated damages under the FLSA;

D. Named Plaintiff and Class Plaintiffs are to be awarded liquidated damages under the PWPCL;

E. Named Plaintiff and Class Plaintiffs are to be awarded prejudgment interest at the applicable legal rate;

F. Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided under applicable law;

G. Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs are to be awarded any and all other equitable and legal relief as the Court deems appropriate;

H. Named Plaintiff's, Collective Plaintiffs', and Class Plaintiffs' claims are to receive a trial by jury.

Respectfully Submitted,

*/s/ Matthew D. Miller*__________________

Matthew D. Miller, Esq.
Justin L. Swidler, Esq.
Richard S. Swartz, Esq.
**SWARTZ SWIDLER, LLC**

Dated: May 14, 2026